United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 31, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50763
Summary Calendar

PAUL HOUSTON CAMERON,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CV-624
--------------------

Before EMILIO M. GARZA, DEMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Paul Houston Cameron, Texas prisoner #792069, appeals from the order of the magistrate judge denying his 28 U.S.C. § 2254 application. The magistrate judge granted Cameron a certificate of appealability (COA) on all issues. Cameron challenges his state-court conviction of capital murder.

Cameron contends that various state-court findings of fact and conclusions of law are not entitled to deference. He argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that trial counsel was ineffective for numerous reasons; that trial counsel was rendered ineffective due to a conflict of interest; and that he was deprived of the favorable testimony of Jonathan Moore.

Cameron's claims were adjudicated on the merits in state court. *See Valdez v. Cockrell*, 274 F.3d 941, 946-47 (5th Cir. 2001). Regarding the facts relevant to our disposition of Cameron's appeal, Cameron has not rebutted the statutory presumption of correctness. *See* 28 U.S.C. § 2254(e)(1). Nor has Cameron shown that the state court's findings of fact were unreasonable or that its legal conclusions were contrary to, or unreasonable applications of, clearly established federal law, as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1),(2).

The evidence of Cameron's guilt of capital murder was overwhelming. He therefore has failed to demonstrate prejudice arising from any of counsel's alleged deficiencies. *See Ladd v. Cockrell*, 311 F.3d 349, 360 (5th Cir. 2002); *Johnson v. Cockrell*, 301 F.3d 234, 239 (5th Cir. 2002). Cameron's own confession established that he conspired with Jonathan Moore and Peter Dowdle to take part in a burglary, that he was sitting in the back seat of Dowdle's car when Moore shot and killed San Antonio Police Officer Fabian Dominguez, and that he knew Moore owned the firearm Moore used to fire the first shots at Officer Dominguez. Other testimony at trial established that Cameron knew of Moore's desire to kill police officers and his violent tendencies and

that Cameron knew Moore had the firearm with him during the burglary.  Cameron could have anticipated that Moore would kill Officer Dominguez.  *See* TEX. PENAL CODE ANN. §§ 7.02(b), 19.03(a)(2)(West 2003).

Cameron's conflict-of-interest contention is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Beets v. Scott*, 65 F.3d 1258, 1265-72 (5th Cir. 1995).  As we note above, Cameron cannot demonstrate prejudice due to the strength of the evidence against him.

To the extent Cameron contends counsel was ineffective for failing to call Moore as a witness, that contention is unavailing.  Counsel was prohibited by rules of ethics from interviewing Moore, whose attorney had not consented to an interview.  *See In re News America Publ'g, Inc.*, 974 S.W.2d 97, 100 & n.2 (Tex. Ct. App. 1998).  Without an interview, counsel would have had no idea what Moore might say on the stand.

To the extent Cameron contends the state trial court denied him the benefits of Moore's testimony, Cameron has failed to demonstrate that he was prejudiced.  *United States v. Viera*, 839 F.2d 1113, 1115 (5th Cir. 1988)(en banc).  Moore's own appeal indicated that he was unpredictable and prone to outbursts and that he attempted to call his mental competency into question.  *See Moore v. State*, 999 S.W.2d 385, 392-97 (Tex. Crim. App. 1999).  Moreover, the testimony at Cameron's trial suggested that Moore would have faced a devastating cross-examination had he testified.

AFFIRMED.